This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40327**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**AUGUSTINE RAY PROVEAUX ARMIJO,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Courtney B. Weaks, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}**   Defendant appeals from his convictions by jury trial of kidnapping, battery against a household member, and interference with communications. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**{2}**   Defendant continues to claim that the district court erred in admitting out-of-court statements by Victim. [MIO 6] "Under the Confrontation Clause, an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted

may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Smith*, 2016-NMSC-007, ¶ 42, 367 P.3d 420 (internal quotation marks and citations omitted). Nonetheless,

> when defendants seek to undermine the judicial process by procuring or coercing silence from witnesses and victims, the Sixth Amendment does not require courts to acquiesce. While defendants have no duty to assist the State in proving their guilt, they do have the duty to refrain from acting in ways that destroy the integrity of the criminal-trial system. We reiterate what we said in *Crawford* [541 U.S. 36 (2004)]: that the rule of forfeiture by wrongdoing extinguishes confrontation claims on essentially equitable grounds. That is, one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation.

*Davis v. Washington*, 547 U.S. 813, 833 (2006) (omission, emphasis, internal quotation marks, and citations omitted).

**{3}** The rule of forfeiture by wrongdoing extinguishes confrontation claims on essentially equitable grounds, and our Supreme Court has explained that the "rationale underlying such a rule of forfeiture is the law will not allow a person to take advantage of his own wrong." *State v. Alvarez-Lopez*, 2004-NMSC-030, ¶ 8, 136 N.M. 309, 98 P.3d 699 (alteration, internal quotation marks, and citation omitted).

**{4}** To establish that Defendant forfeited his right to confrontation, the State was required to prove that (1) Victim was expected to be a witness; (2) Victim became unavailable; (3) Defendant's misconduct caused Victim's unavailability; and (4) Defendant intended by his misconduct to prevent Victim from testifying. *See id.* ¶ 10. The factors are also set out in Rule 11-804(B)(5) NMRA, which states that "[a] statement offered against a party that wrongfully caused . . . the declarant's unavailability" is not excluded by the rule against hearsay if the declarant is unavailable. Our Supreme Court has concluded that this rule-based exception involves the same analysis as the common-law based analysis. *State v. Farrington*, 2020-NMSC-022, ¶¶ 27-32, 476 P3d 1231.

**{5}** Defendant maintains that the third factor was not satisfied in two respects: his behavior did not amount to "misconduct" and was not the cause of Victim's unavailability. [MIO 7] We disagree. Defendant's charges and ultimate convictions are based on the beating and kidnapping of Victim, and the crimes necessarily involve Defendant's efforts to control Victim's freedom and security. Once in jail, Defendant was ordered not to contact Victim, including telephone calls. [RP 19-20] The State presented transcripts from telephone calls where Defendant contacted Victim and made repeated attempts to get her to file an affidavit of non-prosecution. [RP 61-67] In these calls, Defendant consistently told Victim that he would change his ways if she would get the charges dropped. He specifically advocated that she should now tell the court that nothing happened during the alleged incident. [RP 66] He also stated, "If you can't do it then fuck you." [RP 65]

**{6}** Defendant argues that this did not amount to misconduct. [MIO 17] However, "application of the forfeiture-by-wrongdoing exception requires no showing of overt threat of harm; it applies to any conduct intended to interfere with or undermine the judicial process." *State v. Maestas*, 2018-NMSC-010, ¶ 34, 412 P.3d 79. Defendant's conduct explicitly tried to persuade her not to testify, and included flashes of anger. Similar such conduct was deemed sufficient in *Maestas. Id.*

**{7}** With respect to causation, Defendant relies on Victim's "uncontradicted" testimony that Defendant was not the reason for her refusal to testify at trial. [MIO 8-9] However, her testimony was not uncontradicted. The phone transcripts indicate that Victim was persuadable if Defendant would change his behavior, particularly the drug use. [RP 62] The factfinder could conclude that Victim was not being truthful. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also Maestas*, 2018-NMSC-010, ¶ 40 (observing that causation may be established by inference). We thus conclude that the district court properly ruled that Defendant "obtain[ed] the absence of [Victim] by wrongdoing" and thereby "forfeit[ed] [his] constitutional right to confrontation." *State v. Romero*, 2007-NMSC-013, ¶ 29, 141 N.M. 403, 156 P.3d 694 (internal quotation marks and citation omitted).

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**